UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| JIMMY S. BEAN, No. 40671-074, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 4:13-cv-36; 4:03-cr-14(1) |
| | ) | *Collier/Carter* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **MEMORANDUM OPINION**

Jimmy S. Bean, a federal prisoner confined in the FCI El Reno, Oklahoma, has filed a *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, (Court File No. 55).[1] On August 2, 2004, petitioner was sentenced to 188 months imprisonment, after having pleaded guilty to and being convicted of one count of distribution of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). Two days later the judgment was entered, (Court File No. 22). Petitioner brought a direct appeal and, on April 29, 2005, the sentence was vacated and remanded for resentencing consistent with the holding in *United States v. Booker*, 543 U.S. 222 (2004), (Court File No. 29). Thereafter, petitioner was resentenced to 151 months, (Court File Nos. 29, 38).

Petitioner again appealed, challenging a condition of his supervised release (collection of his DNA sample), but this time he was unsuccessful, (Court File Nos. 39, 44-45, 47). Petitioner's motion for a further reduction of sentence, under the retroactive crack cocaine amendments to the

---

[1] All docket number references are to the docket numbers in No. 4:03-cr-14.

U.S. Sentencing Guidelines, was likewise unavailing, (Court File Nos. 48, 54). There followed this instant § 2255 motion, in which petitioner seeks retroactive application of the Fair Sentencing Act, relying upon *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). (*Blewett* has been vacated by the Sixth Circuit's decision to grant an *en banc* hearing. *See* Order, *United States v. Blewett*, Nos. 12-5226, 12-5582, (6th Cir. July 11, 2013; *see also* 6th Cir. R. 35(b)).)

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act [AEDPA], the only time constraint for a federal prisoner to file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was the prejudice which would result if the United States were required to respond to the motion to vacate due to a delay in filing. However, following AEDPA's enactment, a federal prisoner now has one year in which to file such a motion. 28 U.S.C. § 2255(f). This period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The relevant date in this case was April 24, 2007—ninety (90) days[2] from January 24, 2007—the date on which the Court of Appeals for the Sixth Circuit denied petitioner's appeal from his resentencing. Under this calculus, petitioner would have had to file his § 2255 motion on or before April 24, 2008, for it to be timely.

This motion is deemed to have been filed on June 5, 2013, the date petitioner handed it over to prison officials for mailing to the Court. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (treating a § 2255 motion as timely filed if it is delivered to the prison authorities for mailing

---

[2] The Supreme Court can be petitioned for certiorari review of a Court of Appeals's decision within ninety days of the decision.

2

Case 4:03-cr-00014  Document 56  Filed 11/15/13  Page 2 of 4  PageID #: 55

prior to the lapse of the 1-year limitations statute) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)). Under this scenario, petitioner filed his motion nearly five years too late. Thus, for this motion to be timely, petitioner will require a new limitations period, such as the one provided in § 2255(f)(3).

Under subsection (3) of § 2255(f), a motion to vacate is timely if filed within one year of the date on which the Supreme Court newly recognizes a right and makes it retroactively applicable to cases on collateral review. In his motion, petitioner relies on *United States v. Blewett*, 719 F.3d 482 (2013), a Sixth Circuit case, to start a new statute of limitations. However, *Blewett*, as noted, not only has been vacated, but also was not issued by the Supreme Court and does not authorize any new statute of limitations. Therefore, petitioner's reliance on *Blewett* is misplaced, as it does not render timely this belated § 2255 motion.

The one-year of statute of limitations for filing a § 2255 motion is also subject to equitable tolling. *See Jones v. United States*, 689 F.3d 621, 626-27 (6th Cir. 2012). Petitioner establishes his entitlement to equitable tolling by showing "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)).

Nothing which is alleged by petitioner in his motion or which is apparent on the face of the record satisfies these two factors, so as to warrant equitable tolling in this case.

It, therefore, appears that this § 2255 motion, filed almost five years after the expiration of the statute of limitations, is untimely. *See Graham-Humphreys v. Memphis Brooks Museum of Art,*
3

*Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citation omitted).

A separate order of dismissal **SHALL** enter.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

4